**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

GENERAL ELECTRIC COMPANY,        )
                                 )
              Plaintiff,         )
                                 )      No. 2:19-cv-2780-EFM-GEB
       v.                        )
                                 )
BOILERMAKER-BLACKSMITH           )
NATIONAL PENSION TRUST,          )
                                 )
              Defendant.         )


**PLAINTIFF GENERAL ELECTRIC COMPANY'S STATUS REPORT ON SELECTION OF ARBITRATOR**

In its Order of May 4, 2020 (Dkt. 27), the Court granted the parties 21 days to mutually select one of the Fund's three proposed arbitrators: Norman Brand, Jack Clarke, or Richard McNeill.  The parties were ordered to file a joint status report as to whether they had been able to reach an agreement.  Unfortunately, the parties could not agree on a selection.  GE consented to the appointment of Arbitrator Clarke, whose experience and expertise the Fund had previously touted.  But the Fund rejected the selection and now insists on Arbitrator Brand.  Regrettably, the parties also could not agree on the format for a joint status report.  GE proposed a joint report in which each party could very briefly summarize its position on the current selection dispute to assist the Court in resolving it. Defendant refused.  (The parties' email exchange on the subject of the format for a joint status report is attached as Exhibit A.)  Accordingly, GE files this status report to summarize its position on the matter.

HB: 4844-3164-7933.2

**ARGUMENT**

In its May 4, 2020 Order, this Court determined that an arbitrator with experience in withdrawal liability would be best suited to preside over this dispute.  Accordingly, the Court directed the parties to mutually agree on one of the three candidates proposed by the Fund.  The Fund had proposed those candidates, and urged the Court to appoint *any* of the three.  As the Court's Order recognized, if GE had objections to two of those candidates, GE would be "free to choose" the third candidate "to serve as the arbitrator." (Order, Dkt. 27, at 13.)

Following the Court's Order, GE decided to consent to the appointment of Arbitrator Jack Clarke, whom the Fund had vouched for and had asked the Court to appoint without reservation.  As this Court noted, Mr. Clarke has substantial experience in the arbitration of withdrawal liability disputes (handling some 35 such cases) and, for GE's part, he did not raise the concerns that GE had about the Fund's other two candidates. In response, however, the Fund reversed course, advising that it would *not* consent to Arbitrator Clarke, and would instead insist on its favorite candidate: Norman Brand.  Although in its earlier motion to the Court the Fund expressed no preference among its three proposed candidates, and never asserted that one was more qualified than the others, the Fund now contends that Mr. Brand is the most experienced to hear the dispute. The parties' email exchange on this subject is attached as Exhibit B.

GE's position is that the Court should appoint Mr. Clarke because that selection would best honor the regulatory objective that withdrawal liability arbitrators be chosen by "mutual consent."  PBGC Notice of Approval, 84 Fed. Reg. 67484-01, 2019 WL 6700032 (Dec. 10, 2019) ("PBGC Notice of Approval") ("[T]he best way that all parties

will have confidence in his impartiality is to have him selected by mutual consent."). Indeed, in its earlier submission to the Court, the Fund itself emphasized that the "mutual selection process is, above all, designed to ensure '*fundamental fairness'* to both parties." (*See* Dkt. 14 (emphasis added), citing PBGC Notice of Approval.)

Mr. Clarke was on the Fund's own hand-picked shortlist, and the Fund vouched to this Court for his experience, knowledge and impartiality, consenting to and seeking his appointment. (*See* Dkt. 24, at 20–21; 25–26.)  GE has decided that, of the Fund's three proposed candidates, it would be most comfortable with Mr. Clarke, and so offered its consent to his selection.  Mr. Clarke therefore has the confidence of both sides to a greater degree than the other candidates, and for that reason should be appointed.  "[A]ll parties will have confidence in [Mr. Clarke's] impartiality."  *See PBGC Notice of Approval, supra*.

By contrast, allowing the Fund to now insist on its favorite among favorites – its top choice from its own slate of proposed candidates – would tolerate backtracking and gamesmanship, and undermine confidence in the process.  Crucially, the appointment of Arbitrator Brand (or for that matter Arbitrator McNeill) would shut GE out of *any* voice in the selection process.  It would render the process unilateral in favor of the Fund, and deprive GE of its right to a mutual role in the selection of an arbitrator in a dispute in which its potential liability exceeds $200 million, in clear violation of the mutual consent objective sought by the PBGC.

GE has legitimate reasons for preferring Mr. Clarke over Mr. Brand.  *First*, although this Court ruled that Mr. Brand was not required by law to disclose his prior awards to GE, the existence of this body of prior, potentially-relevant withdrawal liability

work that GE has not seen creates legitimate concerns.  Fairness dictates that no litigant should enter an adjudication without at least knowing whether the adjudicator has previously considered and rejected its position, so that if necessary, it could frame its arguments to make the strongest case for a fresh look and reconsideration. GE simply has no way of knowing if Mr. Brand falls into the category of an adjudicator who has considered the relevant issues.  By contrast, Mr. Clarke was willing to provide—to both parties—a redacted version of the one final award he has issued in a case involving the building and construction exemption.  (*See* Exhibit C.)  For that reason, GE is more comfortable that both parties will be on a level playing field if Mr. Clarke is appointed to serve as the arbitrator.

*Second*, as previously explained, GE is concerned that Mr. Brand may not have sufficient bandwidth in the short-term to adjudicate the threshold dispositive motion that GE anticipates filing.  Mr. Brand's calendar is posted on his website (www.normbrand.com), and reflects that he now is substantially booked over the next five months.  When the parties inquired in their joint questionnaire about scheduling, Mr. Brand declined to commit to having availability for hearings or for issuing an award with the timeframe required by the PBGC regulations, instead referring the parties to his online calendar.  (Dkt. 12-4 at 2.)  Meanwhile, Mr. Clarke committed to provide 14 consecutive days of time beginning in late June, and to meet the PBGC's deadline for a final award so long as he had sufficient notice.  (Dkt. 12-5 at 2.)  Given the burden posed by the $4.5 million monthly installments that GE must pay—a burden exacerbated by the current COVID-19 economic crisis—GE strongly prefers an

arbitrator who has expressed his commitment and availability to devoting the necessary time in the short-term to resolving this dispute.

## CONCLUSION

The integrity and fairness of the withdrawal liability arbitration selection process necessitates that both sides reasonably participate in the selection of the person who will hear the withdrawal dispute.  Mr. Clarke is an experienced withdrawal liability arbitrator for whom the Fund had, until now, vigorously advocated for appointment.  GE agrees to such selection.  But the Fund now says no. For the aforementioned reasons, GE respectfully requests the Court to appoint Jack Clarke to serve as Arbitrator in their partial withdrawal liability dispute.

Respectfully submitted,

/s/ Martin M. Loring
Martin M. Loring (Kan. No. 20840)
Jenna P. Brofsky (Kan. No. 27989)
HUSCH BLACKWELL
4801 Main Street, Suite 1000
Kansas City, MO 64112
T: (816) 983-8000
F: (816) 983-8080
martin.loring@huschblackwell.com
jenna.brofsky@huschblackwell.com

Evan Miller (pro hac vice)
Jacob Roth (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
T: (202)879-3939
emiller@jonesday.com
yroth@jonesday.com

Attorneys for Plaintiff General Electric Co.