**Rafferty, Sara L.**

| | |
|---|---|
| **From:** | Leah, Scott <SLeah@tuckerlaw.com> |
| **Sent:** | Thursday, May 21, 2020 8:10 PM |
| **To:** | Miller, Evan |
| **Cc:** | ngregorio@tuckerlaw.com; Tucker III, Richard; Pepicelli, Brian; Eck, Mark; Grecco, Ian; Nandan, Kathie; Roth, Yaakov M.; Rafferty, Sara L. |
| **Subject:** | RE: Arbitrator selection |
| **Attachments:** | B-GE - Joint Status Report regarding selection of arbitrator.nrl |

**\*\* External mail \*\***

Evan,

The Fund does not agree to the selection of Arbitrator Clarke as the Fund believes that Arbitrator Brand is the best selection to hear this arbitration.  Arbitrator Brand has the most experience of the three arbitrators that were on the Fund's list.  Given the large amount of money at stake in this case, we believe that it would be appropriate to have the most experienced arbitrator hear the case.

Like the Court, we don't believe his calendar will be an issue.  He is busy, as all arbitrators are, but we are confident that he would be able to make timely rulings in this case.

Nor should his prior arbitration with Tucker Arensberg be an issue.  That case, which involved a different pension fund, settled early, prior to any hearings.  In fact, it appears that Arbitrator Brand has more experience with GE and Jones Day than he has with Tucker Arensberg or the Fund.

If GE will not agree to Arbitrator Brand, then I have prepared the attached Joint Status Report per the Court's order.  In that case, please let us know whether we have GE's consent to sign Mr. Loring's name.

Scott

**Scott R. Leah, Esq.**



1500 One PPG Place  |  Pittsburgh, PA 15222
Phone: 412.594.5551  |  Fax: 412.594.5619
vCard  |  Bio  |  Website





EXHIBIT B

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

**From:** Miller, Evan <emiller@JonesDay.com>
**Sent:** Thursday, May 21, 2020 1:15 PM
**To:** Leah, Scott <SLeah@tuckerlaw.com>
**Cc:** Gregorio, Neil <ngregorio@tuckerlaw.com>; Tucker III, Richard <rtucker@tuckerlaw.com>; Pepicelli, Brian <bpepicelli@tuckerlaw.com>; Eck, Mark <meck@tuckerlaw.com>; Grecco, Ian <igrecco@tuckerlaw.com>; Nandan, Kathie <knandan@tuckerlaw.com>; Roth, Yaakov M. <yroth@JonesDay.com>; Rafferty, Sara L. <srafferty@jonesday.com>
**Subject:** RE: Arbitrator selection

External Email: Use Caution When Opening Attachments or Links.

Scott,

We disagree with your position.  While of course the selection must be mutual, the Fund already expressed to both GE and the Court that any of its three candidates would be acceptable.  After all, these are candidates that the Fund identified and proposed to GE.  Indeed, the Fund represented to the Court that each of its candidates has significant experience in handling withdrawal liability, and possesses both the requisite knowledge and expertise to handle this arbitration.  For the Fund to now retract its offer would be improper gamesmanship.  Moreover, the Court recognized that "GE is free to choose Brand to serve as the arbitrator in this case if it does not feel that Clarke and McNeill have enough experience."  (Order at 13.)  The implication is that GE is empowered to choose among the Fund's three favored candidates, since the Fund has already conveyed its consent to any of those three candidates.  To be clear, this is not a situation in which an independent entity, such as AAA, provides a list of candidates and the parties are intended to rank and strike some and eventually work their way to an agreed candidate.  These were all the Fund's agreed-upon candidates.

Regarding your comment that the Fund has been waiting for GE's stated preference, I must note that to the extent the Fund believed it could now try to pick its favorite among its three approved arbitrators and had an "order of preference," it certainly could have shared those with GE at any time.  As it is, I assume the Fund's preference order would be determined in reaction to GE's stated choice.

In any event, based on the Court's order, GE now consents to the appointment of Jack Clarke.  Clarke has substantially more withdrawal experience than Rick McNeill, and GE does not consent to McNeill.  GE also does not consent to Norman Brand.  Among other things, Brand's calendar continues to show that he is substantially booked through at least October.  We anticipate filing a threshold dispositive motion once the arbitrator is chosen, and Brand may not have capacity to adjudicate such a motion on a timely basis.  Additionally, although the Court ruled that Brand is not required by law to share his prior awards, the fact that he has written many awards on the issue of the BCI Exemption, and yet GE has no opportunity to review those awards, precludes us from agreeing to his selection. (Moreover, his apparent prior arbitrations include one in which your firm appeared before him, and to the extent he issued an award in that arbitration he has failed to provide it.)

Please let us know if we can submit a joint notice to the Court advising of the mutual selection of Jack Clarke, or if the Fund intends to tell the Court that it no longer consents to its own candidate whom it previously asked the Court to appoint.

> Evan Miller
> Partner
> **JONES DAY® - One Firm Worldwide℠**
> 51 Louisiana Avenue, N.W.
> Washington, D.C.  20001-2113
> 202-879-3840 (Office)
> 202-744-6472 (Cell)
> emiller@jonesday.com

---

**From:** Leah, Scott <SLeah@tuckerlaw.com>
**Sent:** Thursday, May 21, 2020 10:31 AM
**To:** Miller, Evan <emiller@JonesDay.com>
**Cc:** ngregorio@tuckerlaw.com; Tucker III, Richard <rtucker@tuckerlaw.com>; Pepicelli, Brian <bpepicelli@tuckerlaw.com>; Eck, Mark <meck@tuckerlaw.com>; Grecco, Ian <igrecco@tuckerlaw.com>; Nandan, Kathie <knandan@tuckerlaw.com>
**Subject:** Arbitrator selection

** External mail **

Evan,

GE is incorrect that it is entitled to select the arbitrator.  The Court Order was clear - the parties are to jointly agree to one of the three arbitrators proposed by the Fund.

Thus my email of May 8th asked you for GE's preference, noting that the parties needed to confer and "come to an agreement" per the Court's order:

> Now that the Judge has ruled that the parties are to select one of the three arbitrators proposed by the Fund, we wanted to reach out to see if you have a preference as to which one is chosen.  **If we can come to an agreement**, the next step would be for the parties to notify the Judge and then coordinate reaching out to the arbitrator to inform him and get the arbitration started.

The Fund has its own order of preference (as you know, our list to the court was in alphabetical order, not order of preference).

If GE has no preference from the Fund's three arbitrators, the Fund will select one of them and let the Court know.  If GE has a preference, we have invited you several times to let us know and indicated a willingness to work with you to try to come to an agreement.

Time is now of the essence.  We again ask you to indicate GE's preference, if it has one, from the Fund's list.

Scott

**Scott R. Leah, Esq.**



1500 One PPG Place  |  Pittsburgh, PA 15222
Phone: 412.594.5551  |  Fax: 412.594.5619
vCard  |  Bio  |  Website



THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY.

**From:** Miller, Evan <emiller@JonesDay.com>
**Sent:** Wednesday, May 20, 2020 5:35 PM
**To:** Leah, Scott <SLeah@tuckerlaw.com>
**Cc:** Gregorio, Neil <ngregorio@tuckerlaw.com>; Tucker III, Richard <rtucker@tuckerlaw.com>; Eck, Mark <meck@tuckerlaw.com>; Pepicelli, Brian <bpepicelli@tuckerlaw.com>; Grecco, Ian <igrecco@tuckerlaw.com>; Nandan, Kathie <knandan@tuckerlaw.com>; Rafferty, Sara L. <srafferty@jonesday.com>; Roth, Yaakov M. <yroth@JonesDay.com>
**Subject:** RE: GE

External Email: Use Caution When Opening Attachments or Links.

Scott:

     I write in response to your email of earlier today, particularly as it relates to the matter of arbitrator selection.  As the Boilermakers Fund has previously advised the Court of its agreement to the appointment of any one of its three proposed candidates, and given your request for our selection, it is GE's understanding that the Fund will concur with whomever of its three candidates GE consents to.  Please advise us by tomorrow if you agree as we look to finalize our choice.  Best regards,

    Evan Miller
    Partner
    **JONES DAY® - One Firm Worldwide℠**
    51 Louisiana Avenue, N.W.
    Washington, D.C.  20001-2113
    202-879-3840 (Office)
    202-744-6472 (Cell)
    emiller@jonesday.com