IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENERAL ELECTRIC COMPANY,          )
                                   )
                    *Plaintiff*,   )
                                   )
v                                  )          Case No.:  19-2780-EFM
                                   )
BOILERMAKER-BLACKSMITH             )
NATIONAL PENSION TRUST,            )
                                   )
                    *Defendant.*   )
_____)

**ORDER**

This case presents a complicated dispute regarding partial withdrawal liability from a multiemployer pension plan.  The pertinent details were set forth in the Court's prior order of May 4, 2020, and will not be repeated here.  The precise matter presented to the Court for resolution was the selection of an arbitrator to resolve the dispute – the parties agreed that the matter should be resolved by arbitration.  The Multiemployer Pension Plan Amendments Act of 1980, amending the Employee Retirement Income Security Act, allowed a dispute regarding the calculation of the withdrawal liability to be arbitrated upon request of one of the parties.  The parties were unable to agree on an arbitrator, and brought the selection of the same to this Court.  Plaintiff suggested three former federal judges; Defendant suggested three individuals who had experience arbitrating these types of disputes.  Both parties set forth their respective candidates' qualifications, without any stated preference or ranking, and requested the Court to select one.

The Court ruled that the class of arbitrators suggested by Defendant were preferable, in this dispute, to those selected by Plaintiff, and rather than picking one from that class directed the

parties to mutually choose one of the three within 21 days.  The Court further indicated that if they were unable to agree, the Court would pick one for them.

Late in the 21-day cycle, Plaintiff informed Defendant which arbitrator it would agree to: Jack Clarke.  Even though he was one of the arbitrators nominated by Defendant, it suddenly found him unacceptable and insisted on Norman Brand.  It should be noted that Mr. Brand was the object of much of Plaintiff's objections in the initial briefing, relating to his refusal to disclose matters regarding his prior arbitration awards (which the Court ruled the law did not require him to do).  Neither side would move from their selection.

The parties then quarreled about the format in which they would notify the Court of their disagreement, the details of which are of no interest to the Court and will not be further mentioned.  This petty squabbling is regrettable, and in the Court's opinion most unnecessary.

The Court appoints Richard McNeill, Jr. to arbitrate this matter.

**IT IS THEREFORE ORDERED** that the Court appoints Richard McNeill, Jr. as the arbitrator of this dispute.  The parties are directed to notify him of his selection and of the relevant matters from this case.[1]

**IT IS SO ORDERED.**

Dated this 28th day of May, 2020.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[1]  Although the Court would like to order the parties to notify him jointly, it has despaired of any hope of cooperation between the parties – so they may each notify him separately as they wish.

2